In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-186 CV


____________________



IN RE CHRISTUS HEALTH SOUTHEAST TEXAS, d/b/a CHRISTUS 


FAMILY PRACTICE CLINICS, AND GINA VANDEVENDER, PA-C







Original Proceeding






MEMORANDUM OPINION (1)


 

 Christus Health Southeast Texas, d/b/a Christus Family Practice Clinics, and Gina
Vandevender, PA-C, seek a writ of mandamus to compel the trial judge to vacate a ruling
that requires Relator Vandevender to resubmit to a deposition that the relators argue is
being conducted for the purpose of obtaining disclosure of privileged conversations that
prompted counsel to request discovery on the real party in interest's medical records. The
relators also seek an order compelling the trial court to rule upon the discoverability of
those medical records, which the real party in interest submitted to the trial court for an
in camera inspection. The relators argue that mandamus relief is necessary to alleviate the
chilling effect on attorney-client communications caused by permitting the party opposing
discovery to determine why counsel has asked for information before providing legitimate
discovery. 

 Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and when there is no adequate remedy on appeal. Walker v. Packer,
827 S.W.2d 833, 840-44 (Tex.1992). After reviewing the petition and record, we
conclude the petition for mandamus is premature and must be denied. Relators have not
shown that the attorney-client privilege will be violated if Vandevender is deposed. 
Counsel for the real party in interest assured the trial court and the Court of Appeals that
the sole purpose of the deposition is to ask the witness what facts she knows that indicate
the decedent physically abused his wife. A party "cannot cloak a material fact with the
privilege merely by communicating it to an attorney." Huie v. DeShazo, 922 S.W.2d 920,
923 (Tex. 1996). Counsel says he will not ask questions that attempt to violate the
privilege. The mandamus record does not contain a written order from the trial court. 
Tex. R. App. P. 52.3(j)(1)(A). We understand, however, that counsel will not inquire,
and the trial court will not permit inquiry, regarding any confidential communication
between the client or a representative of the client and the attorney or a representative of
the attorney regarding any communication that is privileged under Tex. R. Evid. 503 or
the work-product doctrine. 

 The specific question counsel says he intends to ask may call for privileged
information. We are not deciding that issue. Relators' counsel may instruct the witness
not to answer a question on the basis of privilege, request a hearing, and establish the
privilege. See Tex. R. Civ. P. 199.5(f). The trial judge has made clear on the record he
would consider any objection and proof asserting a privilege at that time, and rule on the
privilege then. The petition for mandamus is premature until that ruling is made. 

 By separate issue, relators also ask this Court to order the trial court to review
medical records submitted in camera. If the trial court refuses to rule on the
discoverability of the medical documents submitted for an in camera inspection within a
reasonable time, and the relators demonstrate prejudice attributable to further delay, then
the trial court may be compelled to conduct the inspection and either compel or deny
production. See Arkla, Inc. v. Harris, 846 S.W.2d 623, 631-32 (Tex. App.--Houston
[14th Dist.] 1993, no writ). However, delaying a ruling until after the deposition is not,
in and of itself, prejudicial to the relators. 

 Our April 23, 2004 order, which stayed the deposition, is lifted. The petition for
writ of mandamus, filed April 23, 2004, is denied.

 WRIT DENIED.

 PER CURIAM


Opinion Delivered May 6, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.